IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| V. | § § § § § | Cr. No. 07-397 |
| JESSIE GUERRA. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Jessie Guerra's Motion for Modification of Sentence 18 U.S.C. § 3582. D.E. 88. He seeks application of the Second Chance Act to his sentence.

Guerra was sentenced to 262 months in the Bureau of Prisons in 2008 based upon his conviction for Possession with Intent to Distribute 1522 Kilograms of marijuana. D.E. 29. Guerra requests that the Court "modify [its] previous order and issue an order directing the BOP to apply the 'Second Chance Act' to my case." D.E. 88. Guerra's motion is brought pursuant to 18 U.S.C. § 3582(c).

It is black-letter law that a federal court generally "may not modify a term of imprisonment once it has been imposed." Dillon v. United States, — U.S. —, 130 S.Ct. 2683, 2687 (2010). A district court may resentence a defendant whose conviction has become final only pursuant to the circumstances set out in 18 U.S.C. § 3582. These circumstances are: (1) upon a motion for reduction by the Director of the Bureau of Prisons, after review of the relevant statutory factors, if there are "extraordinary and compelling factors" warranting such a reduction; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; and (3) if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the

Sentencing Commission and such a reduction would be consistent with the Commission's policy statements. 18 U.S.C. § 3582(c); United States v. Ross, 557 F.3d 237, 238 (5th Cir. 2009). Guerra does not fit within the exceptions provided by § 3582(c). This Court has no authority to resentence him pursuant to § 3582(c).

Guerra cites the Second Chance Act as a basis for modification. The Second Chance Act, Pub. L. No. 110-199 § 251(a), 122 Stat. 657, became effective on April 9, 2008, before Guerra was sentenced on June 20, 2008. It already applies to Guerra. "The Act includes funding for such services as appropriate drug treatment, job training and placement, educational services, and other services or support needed for reentry, and is intended to rehabilitate prisoners and reduce recidivism." United States v. Wessels, 539 F.3d 913, 915 (8th Cir. 2008) (J. Bright, concurring). The Act is quite broad and includes funding for adult and juvenile State programs; State, tribal, and local reentry courts; grants for family based substance abuse treatment; and grants to evaluate and improve education at prisons, jails, and juvenile facilities, as well as expansion of community correction and changes to the residential drug abuse programs in federal prisons. Guerra does not state in what manner he wishes the Act to apply to his sentence.

Authority over a federal criminal defendant's sentence of imprisonment is vested with the Bureau of Prisons, which has the sole discretion to designate the prisoner's place of confinement and make other decisions regarding his custody. See 18 U.S.C. § 3621; see also United States v. Voda, 994 F.2d 149, 151–52 (5th Cir. 1993) ("[O]nly the Bureau of Prisons has the actual authority to designate the place of incarceration" because "the executive branch and not the judicial branch is responsible for administering sentences.").

The BOP shall "to the extent practicable," ensure that a prisoner serving a time of imprisonment spend a portion of the final months of that term in "prerelease custody" under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Id. at 3624(c). The Second Chance Act amended the statutory provisions authorizing the Bureau of Prisons to determine an inmate's eligibility for placement in a halfway house. See Second Chance Act of 2007, Pub.L. No. 110–199, § 251(a), 122 Stat. 657, 692–93 (April 9, 2008), codified at 42 U.S.C. § 17501. The amendments authorize the Bureau of Prisons to allow a prisoner serving a term of imprisonment to spend a portion of the final months of that term (not to exceed 12 months) in a halfway house, and to make placement decisions on an individual basis consistent with the criteria set forth in 18 U.S.C. § 3621(b).

The Second Chance Act does not enlarge this Court's authority over Guerra's placement. Furthermore, to the extent Guerra seeks halfway house placement, he is premature. His sentence of 262 months imposed in 2007 does not place him within the period of time near the end of his confinement for such placement.

The Court **DENIES** Guerra's motion (D.E. 88).

It is so **ORDERED.**

**SIGNED** on this 17th day of April, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE