United States District Court
Southern District of Texas
**ENTERED**
March 24, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CRIMINAL NO. 2:07-397** |
| | § | |
| **JESSIE NORBERTO GUERRA,** | § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Jessie Norberto Guerra's Petition for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). D.E. 96.

**I. BACKGROUND**

In 2008, Defendant pled guilty to possession with intent to distribute 1,522 kilograms of marijuana. He has served 164 months (63%) of his 262-month sentence and has a projected release date, after good time credit, of February 23, 2026. Defendant now moves the Court for compassionate release because: (1) his combined medical conditions are causing obstacles in his daily life; (2) the COVID-19 pandemic has been substantially worse for inmates than the general public; and (3) he has shown great efforts at rehabilitation while incarcerated.

**II. LEGAL STANDARD**

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may

impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Although not dispositive, the commentary to the United States Sentencing Guidelines ('U.S.S.G.') § 1B1.13 informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, — Fed. App'x —, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020)).

**(A) Medical Condition of the Defendant.—**
(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
(ii) The defendant is—
(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**
The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**
(i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D)  Other Reasons.  –**
As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (internal footnotes and citations omitted).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

Defendant is 56 years old. He has submitted medical records indicating that, as of August 23, 2017, he suffered from: monoarthritis, nerve pain, neuralgia neuritis, radiculitis, hypertension, tympanic membrane perforation, rhinitis, plantar fascial fibromatosis, knee and joint pain, dermatophytosis (ringworm), age-related cataracts, astigmatism, myopia, and presbyopia. D.E. 96-2, p. 1. More recent medical records from July 26, 2019, document

4

problems with Defendant's ears and indicate that he was taking medication for depression, pain, allergies, and high cholesterol. *Id.*, p. 2. According to Defendant, "Each of these conditions can be debilitating in the singular, but in their plural they are causing daily obstacles to [his] continued success." D.E. 96, p. 3. It is unclear how his medical conditions affect his daily activities. According to his BOP records, Defendant has completed nearly 75 educational classes while incarcerated, including college level courses working towards his bachelor's degree in business management. D.E. 96-3, pp. 1–2. While he is restricted from sports and weight lifting, he is "cleared for food service" and can work "regular duty w[ith] medical restriction." *Id.*, p. 3. On this record, the Court finds nothing extraordinary or compelling about Defendant's health.

Defendant next complains that "the effects of the COVID-19 pandemic inside the BOP facilities have been catastrophic, when compared to the general population." D.E. 96, p. 3. He maintains that the BOP's positive test rates and fatality rates are more than double that of the general population. "General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Koons*, 2020 WL 1940570 at *5. "The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *Id.* at *4. Without more, Defendant cannot meet his burden of showing that extraordinary or compelling reasons warrant his release.

Defendant emphasizes that he has completed more than 70 educational classes while incarcerated, as described, *supra*. He states that his disciplinary record is equally impressive and that he performs in the chapel band during religious services. While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii).

Finally, Defendant did not exhaust his administrative remedies within the BOP before filing the current motion. Defendant submitted a "Rejection Notice" he received from the Gilmer FCI Administrative Remedy Coordinator on August 13, 2020, stating that his request for a reduction in sentence had been rejected because it did not comply with the proper form. D.E. 96-4.[1] The Rejection Notice informed Defendant that he "may resubmit [his] request in proper form within 5 days of the date of this rejection notice," but there is nothing to indicate that he ever did. *See id.* Because he has failed to comply with the exhaustion requirements under § 3582, his motion is not ripe for review, and the Court is without jurisdiction to grant it. *See generally Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016); *see also United States v. Reeves*, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) ("While the Court is well aware of the effects the Covid-19 pandemic . . . , § 3582(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period."); *United States v. Clark*, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020) (denying motion for compassionate release based on fears of contracting COVID-19 in prison where defendant conceded he had not exhausted administrative remedies).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Petition for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (D.E. 96) is **DENIED**.

It is so **ORDERED** this 22nd day of March, 2021.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

---

1. Specifically, "You may only submit one continuation page, equiv[alent] of one letter-size (8.5 x 11) paper. Text on one side. The text must be legible." *Id.*

6