United States District Court
Southern District of Texas
**ENTERED**
July 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CRIMINAL NO. 2:07-397 |
| § | | |
| JESSIE NORBERTO GUERRA, § | | |
| Defendant. § | | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Jessie Norberto Guerra's Motion for Sentence Reduction Pursuant to Amendment 782. D.E. 106.

## I. BACKGROUND

In 2008, Defendant pled guilty to possession with intent to distribute 1,522 kilograms of marijuana. His base offense level was 32 based on drug quantity; however, he qualified as a career offender under U.S.S.G. § 4B1.1(a), which increased his base offense level to 37. After credit for acceptance of responsibility, his total offense level was 34. With a criminal history category VI, his guideline sentencing range was 262–327 months' imprisonment. Defendant has served 192 months (73%) of his 262-month sentence and has a projected release date, after good time credit, of March 22, 2026. He now moves the Court to reduce his sentence to time served "based on the Fair Sentencing Act, Amendment 782, and or Compassionate Release." D.E. 106, p. 8.

## II. FAIR SENTENCING ACT

"In 2010, Congress enacted the Fair Sentencing Act in order to, among other things, reduce the disparity in treatment of crack and powder cocaine offenses by increasing the threshold quantities of crack required to trigger the mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A) and (B)." *United States v. Ramirez*, 834 F. App'x 904, 907 (5th Cir. 2020) (citing

1

Fair Sentencing Act of 2010 (FAIR), Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010)). In 2018, the First Step Act made retroactive the reforms enacted by FAIR. Pub. L. No. 115-391, 132 Stat. 5194 (2018).

Defendant's claim that his statutory sentencing range of 10 years to life imprisonment was reduced to 5 to 40 years under FAIR is without merit. Because he was not convicted of an offense involving crack cocaine, FAIR does not apply to him.

### III. AMENDMENT 782

Also known as "Drug Minus Two," Amendment 782 to the Sentencing Guidelines reduced the base offense level by two levels for all drugs. The Court denied Defendant's prior motion to reduce his sentence under Amendment 782, explaining, "Guerra's sentence resulted from his career offender status, not the drug quantity. As a result, Amendment 782 did not change his guideline range. Guerra is therefore not eligible for resentencing pursuant to Amendment 782. *See* U.S.S.G. § 1B1.10(a)(2)." D.E. 91. Defendant now moves the Court to reconsider that decision on the grounds that he is no longer a career offender.

> Under the Sentencing Guidelines:
>
> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a

>firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

*Id.* § 4B1.2(a).

Defendant was found to be a career offender based on the following prior convictions, all of which are still "crimes of violence" under current law: (1) aggravated assault on a peace officer, for which he received an 8-year sentence; (2) assault causing injury to the elderly, for which he received a 2-year sentence; and (3) sexual assault of a child, for which he received an 8-year sentence. Because Defendant remains a career offender under U.S.S.G. § 4B1.1(a), he is not eligible for a sentence reduction under Amendment 782.

## IV. COMPASSIONATE RELEASE

### A. Legal Standard

The First Step Act allows a prisoner to move for a sentence reduction under certain circumstances; at issue here is colloquially called "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021). A prisoner may move for compassionate release when "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). "[T]his statutory phrase requires a prisoner to show he 'faces some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner' that leads 'irresistibly' to the conclusion that this prisoner has a 'singular' and 'remarkable' need for early release." *United States v. McMaryion*, 2023 WL 4118015, at *1 (5th Cir. June 22, 2023) (quoting *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023)).

If the district court finds that extraordinary and compelling reasons warrant a sentence reduction, "then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors

3

include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

### B. Extraordinary and Compelling Reasons

Defendant's motion "incorporates by reference his pending Compassionate Release Motion, based on the foregoing and the additional fact that petitioner is aging, and his health is a big factor . . . ." D.E. 106, p. 4. Defendant has no pending motion for compassionate release. The Court denied his prior motion by written Memorandum Opinion & Order entered March 24, 2021, explaining: (1) there was nothing extraordinary and compelling about Defendant's health or COVID-19 concerns; (2) while the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone; and (3) Defendant failed to exhaust his administrative remedies before filing his motion, as required by 18 U.S.C. § 3582(c). He has offered no new argument or evidence to alter the Court's decision regarding these claims.

Defendant further urges the Court to consider forthcoming amendments to the Sentencing Guidelines, effective November 1, 2023, which provide that non-retroactive changes in the law may constitute extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A):

4

> UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (2023).

Defendant would not qualify for a sentence reduction under U.S.S.G. § 1B1.13(b)(6), as amended, because he has failed to show that he would receive a lower sentence today due to a change in the law. He has also failed to show that extraordinary and compelling reasons otherwise warrant a sentence reduction.

### C. 18 U.S.C. § 3553(a) Factors

The offense of conviction involved the transportation of more than 1,500 kilograms of marijuana. In addition to his prior convictions for aggravated assault on a peace officer, assault causing injury to the elderly, and sexual assault of a child giving rise to Defendant's career offender status, his criminal history included convictions for: driving while intoxicated (five convictions); assault (two convictions); driving with a suspended license (three convictions); fleeing from a police officer (two convictions); possession of marijuana 5 to 50 pounds; possession of an untaxed substance (10 pounds of marijuana); escape from custody; assault causing bodily injury; and failure to register as a sex offender (two convictions). Defendant has not submitted his prison disciplinary record; however, his projected release date has been extended by one month since the Court denied his prior motion for compassionate release, which suggests a loss of good time credit in the last two years. *See* D.E. 97, p. 1 (noting a projected release date of February 23, 2026).

Based on the nature and circumstances of the offense of conviction, Defendant's extensive criminal history, and the danger posed to the community, the Court finds that a sentence reduction

would be inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from his further crimes.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Sentence Reduction Pursuant to Amendment 782 (D.E. 106) is **DENIED**.

It is so **ORDERED** this 5th day of July, 2023.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE